UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| LEONARDO HERNANDEZ LOPEZ | § § § | |
| | § | CIVIL ACTION NO. |
| Plaintiff | § § | |
| VS. | § § | |
| FRANCISCO ARVIZU, AND AGROMOD PRODUCE, INC. | § § § | Jury Demanded |
| Defendants | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiff Leonardo Hernandez Lopez brings this cause of action against Defendants Francisco Arvizu and Agromod Produce, Inc. Mr. Lopez respectfully shows that Francisco Arvizu and Agromod Produce, Inc. failed to properly pay him wages owed for labor rendered, in violation of state and federal law.

### STATEMENT OF CLAIM

1.  Plaintiff brings this action for money damages against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and in the alternative, the Texas Minimum Wage Act ("TMWA"), breach of contract, and the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.001 et seq..

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because they are closely related to the FLSA claims within the Court's original jurisdiction. All claims relate to the failure to pay adequate wages and thus form part of the same case or controversy under Article 3 of the U.S. Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), as the events complained of occurred in relation to work performed at a warehouse located in the City of McAllen, Hidalgo County.

## PARTIES

5. Plaintiff Leonardo Hernandez Lopez is an individual residing in Hidalgo County, Texas.

6. Defendant Francisco Arvizu is a resident of Texas. His usual place of abode is 203 South 25th Street, Donna, Texas, 78537.

7. Defendant Agromod Produce, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 700 South Bridge Street, Hidalgo, Texas, 78557. Agromod Produce Inc. is authorized to do business in Texas. Agromod Produce, Inc., has a registered agent, Raul Magana, who can be reached at 2501 Military Highway, Warehouse, Unit C-28, McAllen, Texas, 78503, Hidalgo County, Texas.

## FACTUAL ALLEGATIONS

8. On or about April 2009, Defendants hired Plaintiff to work at the Defendants' warehouse in McAllen, TX.

9. Plaintiff performed work for Defendants until about February 2010.

10. Plaintiff performed several tasks for Defendants, including the packing of papayas into boxes.

11. Defendants promised Plaintiff a salary commensurate to the federal minimum wage.

12. Defendants failed to pay Plaintiff a salary commensurate to the federal minimum wage.

13. Plaintiff regularly worked more than 40 hours a week for Defendants.

14. Defendants failed to pay Plaintiff time and a half for each hour worked over forty in a given workweek.

15. On February 22, 2010, Plaintiff complained to Defendants that he was not being paid commensurate to the federal minimum wage. Defendants terminated his employment because of these complaints.

16. Plaintiff attaches his verification of the factual allegations contained in this complaint as Exhibit A.

## CAUSES OF ACTION

### I. Violation of the Fair Labor Standards Act ("FLSA")

17. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

18. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C. § 203(g).

19. As an employee of Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203.

20. Defendants failed to maintain complete and accurate records of the hours which Plaintiff worked.

21. Defendants did not pay Plaintiff for all of his work.

22. Defendants fired Plaintiff in retaliation for expressing concerns over the payment of wages.

23. The above-described actions of Defendants violated Plaintiff's rights under the Fair Labor Standards Act for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 218(b).

24. Defendants' failure to pay Plaintiff as specified above was willful.

25. Defendants' termination of Plaintiff violated the anti-retaliation prohibition of 29 U.S.C. § 215(a)(3).

## II. Violation of the Texas Minimum Wage Act ("TMWA")

26. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

27. At all times relevant to this action, Plaintiff was employed by the Defendants within the meaning of the Texas Minimum Wage Act, Texas Labor Code § 62.0012(6).

28. During Plaintiff's employment, Defendants failed to pay Plaintiff the state-mandated minimum wage for each hour that Plaintiff worked.

29. Defendants' failure to pay Plaintiff as specified above was willful.

### III. Breach of Contract

30. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

31. In performing the work, Plaintiff provided valuable services to Defendants.

32. Defendants accepted Plaintiff's services under such circumstances that Defendants reasonably knew that Plaintiff expected to be paid for his services.

33. Defendants had agreed to fully pay Plaintiff the prevailing minimum wage for his work.

34. Defendants failed to fully pay Plaintiff the prevailing minimum wage for his work.

35. Alternatively, if there was no contract covering Plaintiff's work, Plaintiff is entitled to damages pursuant to the common-law doctrines of *quantum meruit* and unjust enrichment.

### IV. Violation of the Texas Theft Liability Act

36. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

37. Defendants unlawfully appropriated, secured, or stole Plaintiff's service with the intent to avoid payment for services.

38. The above-described actions of Defendants constituted a violation of the Texas Theft Liability Act, for which Plaintiff is entitled to relief pursuant to Tex. Civ. Prac. & Rem. Code § 134.003 *et seq.*

## ATTORNEY'S FEES

39. Plaintiff seeks attorney fees as a result of violations of the FLSA, 29 U.S.C. § 216(b), the TMWA, Texas Labor Code § 62.205, and Defendants' breach of an oral contract Tex. Civ. Prac. & Rem. Code § 38.001(8).

## JURY DEMAND

40. Plaintiff requests that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that, upon final hearing, Plaintiff have judgment against Defendants within the jurisdictional limits of this Court for:

(a) his contract wages or, alternatively, for the value of his services;

(b) his unpaid minimum wages and overtime, and an equal amount of liquidated damages;

(c) his lost wages and liquidated damages equal to the lost wages;

(d) compensatory damages for injuries suffered and costs incurred resulting from the retaliatory termination;

(e) punitive damages for the retaliatory termination;

(f) actual damages for Defendants' theft of his services, and statutory damages under Tex. Civ. Prac. & Rem. Code § 134.005(a)(1);

(g) attorney's fees;

(h) pre- and post-judgment interest as provided by law, costs of court, and such other and further relief to which Plaintiff may justly be entitled.

DATED: September 2, 2010

                              Respectfully Submitted,

                              **/s/ Elliott Tucker**

Elliott Thomas Tucker
Federal Bar No. 1074776
California State Bar No. 260586
Corinna Spencer-Scheurich
Federal Bar No. 619913
State Bar No. 24048814
**South Texas Civil Rights Project**
P.O. Box 188
San Juan, TX 78589
(956) 787-8171 phone
(956) 787-6348 fax
ATTORNEYS FOR PLAINTIFF

## Verifications

I hereby certify that the factual statements in the attached petition are true.

_____
Plaintiff

Subscribed and sworn to before me, the undersigned authority, by Leonardo Hernandez Lopez, on this __5__ day of _____May_____, 2010.

_____
Notary Public

My Commission Expires: _____



MOIRA KENNY
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/5/2012

## Certificate of Translation

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Petition of Leonardo Hernandez Lopez has been translated into Spanish by me, and that I have read the foregoing Petition in Spanish to him who stated to me that he understood its contents and signed it.

_____
Translator

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Leonardo Hernandez Lopez <br> *Plaintiff* <br> v. <br> Francisco Arvizu, and Agromod Produce, Inc. <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Agromod Produce, Inc.
ATT: Raul Magana, Registered Agent
2501 Military Highway
Warehouse Unit C-28
McAllen, Texas 78503

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Elliott Tucker
South Texas Civil Rights Project
PO Box 188
San Juan, Texas 78589
Office (956) 787-8171
fax (956) 787-6348

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
                                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify)*:
                                                                                                    .


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| Leonardo Hernandez Lopez | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Francisco Arvizu, and Agromod Produce, Inc. | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Francisco Arvizu
203 South 25th Street
Donna, Texas 78537

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Elliott Tucker
South Texas Civil Rights Project
PO Box 188
San Juan, Texas 78589
Office (956) 787-8171
fax (956) 787-6348

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Leonardo Hernandez Lopez

### DEFENDANTS
Francisco Arvizu; Agromod Produce, Inc.

(b) County of Residence of First Listed Plaintiff **Hidalgo County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hidalgo County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Elliott Tucker, South Texas Civil Rights Project, PO 188, San Juan, TX 78589 (956) 787-8171

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC § 216

Brief description of cause: UNPAID WAGES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 23,154.40
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 09/02/2010

SIGNATURE OF ATTORNEY OF RECORD
Elliott Tucker

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____