UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| LEONARDO HERNANDEZ LOPEZ | § | |
| and FRANCISCO VILLA LOPEZ | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. 7:10-CV-00379 |
| | § | |
| FRANCISCO ARVIZU and | § | |
| AGROMOD PRODUCE, INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFFS'**
**FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, **Agromod Produce, Inc.** (hereinafter "Defendant") and files this its Defendant's Answer to Plaintiffs' First Amended Complaint, and in support thereof, would respectfully show as follows:

**I.**
**RULE 12(b) DEFENSES**

Defendant pleads as follows with respect to Plaintiffs' First Amended Complaint (hereinafter "Complaint"):

1. Plaintiffs have failed to state any claim upon which relief can be granted.

2. Plaintiffs have failed to state any claim upon which relief can be granted with respect to compensatory damages, exemplary damages, mental anguish, emotional distress, liquidated damages, and/or punitive damages.

3. Plaintiffs have failed to state any claim upon which relief can be granted for punitive, compensatory, liquidated damages, or exemplary damages under the Fair Labor

1

Standards Act, 29 U.S.C. §§ 201 *et seq.*, (hereinafter "FLSA"), the Texas Minimum Wage Act ("TMWA"), the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.001, *et seq.,* Tex. Civ. Prac. & Rem. Code §§ 134.003, 134.005(a)(1), and/or any other statute, principle, or provision of law.

4. Plaintiffs have failed to state any claim upon which relief can be granted since Plaintiffs were never "employees" of Defendant, Defendant was never an "employer" of Plaintiffs, and/or Defendant never "employed" Plaintiffs as those terms are defined under the FLSA and TMWA.

5. This Court lacks subject matter jurisdiction of the claims sought to be asserted herein inasmuch as Plaintiffs were never "employees" of Defendant, Defendant was never an "employer" of Plaintiffs, and/or Defendant never "employed" Plaintiffs as those terms are defined under the FLSA.

6. Plaintiffs have failed to state a claim of a violation of the FLSA and/or failed to satisfy the prerequisites for maintaining a suit thereunder since they have not filed consents to be a party plaintiff as required by § 216 of the FLSA and/or other provisions of the FLSA.

7. Plaintiffs have failed to state a claim for liquidated damages under the FLSA.

## II.
## ANSWER TO ALLEGATIONS IN COMPLAINT

Subject to the foregoing defenses, and without waiver of same, Defendant further pleads as follows with respect to the specific allegations of the Complaint:

1. Defendant denies each and every allegation in the unnumbered introductory paragraph of the Complaint.

2. With respect to the allegations of Paragraph 1 of the Complaint, Defendant

acknowledges that Plaintiffs purport to bring their claims under the bases cited in said paragraph, but Defendant denies any violation of the FLSA, TMWA, and/or the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Cod § 134.001 *et seq.*, denies any violation or breach of any contract, denies the existence of any contract with Plaintiffs, denies that Plaintiffs are entitled to any relief herein, and Defendant further denies each and every allegation in said paragraph.

3. With respect to the allegations in Paragraph 2 of the Complaint, Defendant admits that Plaintiffs purport to invoke this Court's jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), but Defendant denies that this Court has subject matter jurisdiction of Plaintiffs' claims under those provisions and further denies any violation of the FLSA or any other provision of law. Defendant denies each and every, singular and plural, allegation in Paragraph 2 of the Complaint.

4. Defendant denies each and every allegation in Paragraph 3 of the Complaint.

5. With respect to the allegations in Paragraph 4 of the Complaint, Defendant admits that venue is proper herein, but Defendant denies the occurrence of any and all of the events alleged to form the bases for Plaintiffs' complaints, denies that any of the events complained of occurred, and further denies each and every other allegation in said paragraph.

6. With respect to the allegations in Paragraph 5 of the Complaint, Defendant asserts that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

7. With respect to the allegations in Paragraph 6 of the Complaint, Defendant asserts that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

8. With respect to the allegations in Paragraph 7 of the Complaint, Defendant asserts

that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

9. With respect to the allegations in Paragraph 8 of the Complaint, Defendant admits that it is a foreign corporation incorporated under the laws of the State of Delaware and admits that it is authorized to do business in the State of Texas, but Defendant denies each and every other allegation in Paragraph 8.

10. Defendant denies each and every allegation in Paragraph 9 of the Complaint, and Defendant further denies that Plaintiff was ever its employee, denies that it every employed Plaintiff, and further denies that Defendant was ever Plaintiff's "employer."

11. Defendant denies each and every allegation in Paragraph 10 of the Complaint, and Defendant further denies that Plaintiff was ever its employee, denies that it every employed Plaintiff, and further denies that Defendant was ever Plaintiff's "employer."

12. With respect to the allegations in Paragraph 11 of the Complaint, Defendant denies that Plaintiffs ever performed any work as employees of Defendant and asserts that if Plaintiffs ever performed services for Defendant, they did so only as independent contractors and/or employees of an independent contractor, and Defendant denies that Plaintiffs were ever its employees, denies that it every employed Plaintiffs, and further denies that Defendant was ever Plaintiffs' "employer." Defendant further denies each and every allegation in said paragraph.

13. Defendant denies each and every allegation in Paragraph 12 of the Complaint.

14. Defendant denies each and every allegation in Paragraph 13 of the Complaint.

15. Defendant denies each and every allegation in Paragraph 14 of the Complaint.

16. With respect to the allegations in Paragraph 15 of the Complaint, Defendant admits that it paid its independent contractor that was operated by Francisco Arvizu for the

services provided by that independent contractor, but Defendant asserts that it lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 15 of the Complaint and, therefore, Defendant denies each and every allegation in said Paragraph 15.

17. Defendant denies each and every allegation in Paragraph 16 of the Complaint and further Defendant denies the erroneous premise and/or implied assertion in Paragraph 16 that Defendant was required by any law or other requirement to pay Plaintiffs a salary commensurate to the federal minimum wage, denies any violation of the FLSA, TMWA, and/or any other provision, denies that Plaintiffs were ever its employees, denies that it ever employed Plaintiffs, denies that Defendant was ever Plaintiffs' "employer," and Defendant further denies each and every allegation in said Paragraph.

18. Defendant denies each and every allegation in Paragraph 17 of the Complaint and Defendant further denies the erroneous premise and/or implied assertion in Paragraph 17 that Defendant was required by any law or other requirement to pay Plaintiffs a salary commensurate with the federal minimum wage, denies any violation of the FLSA, TMWA, and/or any other provision, denies that Plaintiffs were ever its employees, denies that it ever employed Plaintiffs, and denies that Defendant was ever Plaintiffs' "employer."

19. Defendant denies each and every allegation in Paragraph 18 of the Complaint.

20. Defendant denies each and every allegation in Paragraph 19 of the Complaint and Defendant further denies the erroneous premise and/or implied assertion in Paragraph 19 that Defendant was required by any law or other requirement to pay Plaintiffs time and a half for each hour worked over forty in a given work week or any other amounts, denies any violation of the FLSA, TMWA, and/or any other provision, denies that Plaintiffs were ever its employees,

denies that it ever employed Plaintiffs, and denies that Defendant was ever Plaintiffs' "employer."

21. Defendant denies each and every allegation in Paragraph 20 of the Complaint.

22. Defendant denies each and every allegation in Paragraph 21 of the Complaint.

23. Defendant denies each and every allegation in Paragraph 22 of the Complaint.

24. Defendant denies each and every allegation in Paragraph 23 of the Complaint.

25. Defendant denies each and every allegation in Paragraph 24 of the Complaint

26. Defendant denies each and every allegation in Paragraph 25 of the Complaint.

27. With respect to the allegations in Paragraph 26 of the Complaint, Defendant admits that Plaintiff Leonardo Hernandez Lopez attaches a purported verification, but Defendant denies each and every allegation, claim, and statement Plaintiff seeks to verify by same, and further denies each and every allegation, expressed or implied, in Paragraph 26 of the Complaint.

28. With respect to the allegations in Paragraph 27 of the Complaint, Defendant admits that Plaintiff Francisco Villa Lopez attaches a purported verification, but Defendant denies each and every allegation, claim, and statement Plaintiff seeks to verify by same, and further denies each and every allegation, expressed or implied, in Paragraph 27 of the Complaint.

29. Defendant denies each and every allegation, expressed or implied, in Paragraph 28 of the Complaint.

30. Defendant denies each and every, singular and plural, allegation in Paragraph 29 of the Complaint.

31. Defendant denies each and every, singular and plural, allegation in Paragraph 30 of the Complaint.

32. Defendant denies each and every, singular and plural, allegation in Paragraph 31

of the Complaint.

33. With respect to the allegations in Paragraph 32 of the Complaint, Defendant denies the erroneous premise and/or implied assertion in Paragraph 32 that Defendant was required by any law or other requirement to maintain complete and accurate records of the hours which Plaintiffs worked, denies any violation of the FLSA, TMWA, and/or any other provision, denies that Plaintiffs were ever its employees, denies that it ever employed Plaintiffs, denies that Defendant was ever Plaintiffs' "employer," and Defendant further denies each and every allegation in said Paragraph 32.

34. With respect to the allegations in Paragraph 33 of the Complaint, Defendant denies the erroneous premise and/or implied assertion in Paragraph 33 that Defendant was required by any law or other requirement to pay Plaintiffs any amounts, denies any violation of the FLSA, TMWA, and/or any other provision, denies that Plaintiffs were ever its employees, denies that it ever employed Plaintiffs, denies that Defendant was ever Plaintiffs' "employer", and Defendant further denies each and every allegation in said Paragraph 33.

35. Defendant denies each and every, singular and plural, allegation in Paragraph 34 of the Complaint.

36. Defendant denies each and every, singular and plural, allegation in Paragraph 35 of the Complaint.

37. Defendant denies each and every, singular and plural, allegation in Paragraph 36 of the Complaint.

38. Defendant denies each and every, singular and plural, allegation in Paragraph 37 of the Complaint.

39. Defendant denies each and every, singular and plural, allegation in Paragraph 38

of the Complaint.

40. Defendant denies each and every, singular and plural, allegation in Paragraph 39 of the Complaint.

41. Defendant denies each and every, singular and plural, allegation in Paragraph 40 of the Complaint.

42. Defendant denies each and every, expressed or implied, allegation in Paragraph 41 of the Complaint.

43. Defendant denies each and every, singular and plural, allegation in Paragraph 42 of the Complaint.

44. With respect to the allegations in Paragraph 43 of the Complaint, Defendant denies the erroneous assertion in Paragraph 43 that Defendant was required by the TMWA, any state law, and/or any other law or other requirement to pay Plaintiffs any minimum wage or any other amounts, denies any violation of the FLSA, TMWA, and/or any other provision, denies that Plaintiffs were ever its employees, denies that it ever employed Plaintiffs, denies that Defendant was ever Plaintiffs' "employer," and Defendant further denies each and every allegation in said Paragraph.

45. Defendant denies each and every, singular and plural, allegation in Paragraph 44 of the Complaint.

46. Defendant denies each and every, singular and plural, allegation in Paragraph 45 of the Complaint.

47. With respect to the allegations in Paragraph 46 of the Complaint, Defendant denies that Plaintiffs provided any services to Defendant as employees of Defendant and asserts that if Plaintiffs performed the alleged services, they did so solely as independent contractors

and/or employees of an independent contractor, and Defendant denies that Plaintiffs were ever its employees, denies that it ever employed Plaintiffs, denies that it had any contractual agreement or arrangement with Plaintiffs, and further denies that Defendant was ever Plaintiffs' "employer." Defendant further denies each and every allegation in said paragraph.

48. Defendant denies each and every, singular and plural, allegation in Paragraph 47 of the Complaint and further denies that Plaintiffs performed any work or that they provided any services as employees of Defendant and asserts that if Plaintiffs performed the alleged services or work, they did so solely as independent contractors and/or employees of an independent contractor, and Defendant denies that Plaintiffs were ever its employees, denies that it ever "accepted" Plaintiffs' services as alleged, denies that it ever had any contract or agreement with Plaintiffs, denies that it ever employed Plaintiffs, and further denies that Defendant was ever Plaintiffs' "employer."

49. With respect to the allegations in Paragraph 48 of the Complaint, Defendant asserts that although all of its wages and practices are in compliance with the FLSA, the TMWA, and/or all applicable legal provisions, it never "agreed" with Plaintiffs to pay the prevailing minimum wage as alleged in Paragraph 48 and further asserts that it never entered into any agreement or contract with Plaintiffs, and Defendant denies that Plaintiffs were ever its employees, denies that it ever employed Plaintiffs, and further denies that Defendant was ever Plaintiffs' "employer." Defendant further denies each and every allegation in said paragraph.

50. With respect to the allegations in Paragraph 49 of the Complaint, Defendant denies the erroneous assertion in Paragraph 49 that Defendant was required to pay Plaintiffs any minimum wage or any other amounts, denies that Plaintiffs were ever its employee, denies that it ever employed Plaintiffs, and further denies that Defendant was ever Plaintiffs' "employer."

Defendant further denies each and every allegation in said paragraph.

51. Defendant denies each and every, singular and plural, allegation in Paragraph 50 of the Complaint.

52. Defendant denies each and every, expressed or implied, allegation in Paragraph 51 of the Complaint.

53. Defendant denies each and every, singular and plural, allegation in Paragraph 52 of the Complaint.

54. Defendant denies each and every, singular and plural, allegation in Paragraph 53 of the Complaint.

55. With respect to the allegations in Paragraph 54 of the Complaint, Defendant acknowledges that Plaintiffs seek the relief described in that paragraph, but Defendant denies that they are entitled to any such relief or any other relief and Defendant further denies each and every, singular and plural, allegation in Paragraph 54 of the Complaint.

56. With respect to the allegations in Paragraph 55 of the Complaint, Defendant acknowledges that Plaintiffs seek the relief described in that paragraph, but Defendant denies that they are entitled to any such relief or any other relief and Defendant further denies each and every, singular and plural, allegation in Paragraph 55 of the Complaint.

57. Defendant denies each and every, singular and plural, allegation in Paragraph 56 of the Complaint.

58. Defendant denies each and every, singular and plural, allegation in Paragraph 57 of the Complaint.

59. With respect to the allegations in Paragraph 58 of the Complaint, Defendant acknowledges that Plaintiff seeks the relief described in that paragraph, but Defendant denies

that Plaintiff is entitled to any such relief or any other relief and Defendant further denies each and every, singular and plural, allegation in Paragraph 58 of the Complaint.

60. With respect to the allegations in Paragraph 59 of the Complaint, Defendant acknowledges that Plaintiff seeks the relief described in that paragraph, but Defendant denies that Plaintiff is entitled to any such relief or any other relief and Defendant further denies each and every, singular and plural, allegation in Paragraph 59 of the Complaint.

61. With respect to the allegations in Paragraph 60 of the Complaint, Defendant acknowledges that Plaintiff seeks the relief described in that paragraph, but Defendant denies that Plaintiff is entitled to any such relief or any other relief and Defendant further denies each and every, singular and plural, allegation in Paragraph 60 of the Complaint.

62. With respect to the allegations in misnumbered Paragraph 51 on page 9 of the Complaint (which should have been correctly numbered as Paragraph 61), Defendant admits that Plaintiffs seek attorneys' fees under the provisions cited in said paragraph, but Defendant denies that Plaintiffs are entitled to attorneys' fees. Defendant further denies each and every allegation in the misnumbered Paragraph 51 on page 9 of the Complaint [Paragraph 61].

63. Defendant acknowledges that Plaintiffs seek a jury trial as requested in the misnumbered Paragraph 52 on page 9 of the Complaint [which should have been correctly numbered as Paragraph 62], but deny that there are any issues triable to a jury.

64. Defendant denies each and every, singular and plural, allegation in the Prayer of the Complaint which is misnumbered as Paragraph 53 on pages 9 through 10 of the Complaint, denies that Plaintiffs are entitled to any relief, whatsoever, and specifically denies that Plaintiffs are entitled to recovery of any of the relief requested in subparagraphs (a) through (g) of the Prayer (which is misnumbered as Paragraph 53), and Defendant further denies each and every

allegation in said Prayer.

65. All allegations in the Complaint not specifically admitted are hereby denied.

## III.
## AFFIRMATIVE DEFENSES

Defendant still urging and relying on matters hereinabove alleged and denied, by way of further answer, if any need there be, further alleges in the alternative by way of affirmative defenses as follows:

1. Plaintiffs have failed to state a claim upon which relief may be granted with respect to compensatory damages, exemplary damages, mental anguish, liquidated damages, punitive damages, and/or any other damages or relief herein.

2. Plaintiffs have failed to mitigate their alleged damages, if any.

3. Although Defendant denies that Plaintiffs were ever its employees, that Defendant was ever Plaintiffs' employer, and that it ever hired or discharged Plaintiff Leonardo Hernandez Lopez, Defendant asserts alternatively, that if the contrary is found by the trier of fact, Defendant is entitled to an offset against and/or a reduction of any monetary award for back pay, front pay, and/or damages in the following amounts: the total earnings, benefits and income received or earned by Plaintiff between the last day Plaintiff was allegedly employed by Defendant and the present; any and all workers' compensation benefits and/or payments; any and all retirement benefits or payments; any and all disability payments, if any; any and all payments from whatever source intended to replace or offset lost income or lost wages; any and all severance pay or other amounts received upon cessation of employment; all state and federal benefits, unemployment compensation and other amounts received between the date Plaintiff allegedly last worked for Defendant and the present, if any; other benefits paid or received, if any; all

amounts, wages, and benefits which could have been earned with reasonable diligence; all amounts, wages, and benefits which in the future could be earned with reasonable diligence; and all other amounts provided by law.

    4.     Plaintiffs have failed to state any claim upon which relief can be granted.

    5.     Although Defendant denies all actions alleged by Plaintiffs, Defendant asserts alternatively that any and all actions undertaken herein were motivated by legitimate, lawful, nonretaliatory, and nondiscriminatory reasons.

    6.     Although Defendant denies all actions alleged by Plaintiffs, Defendant asserts alternatively that all actions engaged in were undertaken without malice, in good faith, and/or with justification.

    7.     Although Defendant denies that Plaintiffs were ever its employees, that Defendant was ever Plaintiffs' employer, that it ever discharged Plaintiff Leonardo Hernandez Lopez, and further denies that discrimination, retaliation, and/or any other unlawful motive was a motivating factor to any extent, whatsoever, for its actions, Defendant asserts, alternatively, that if the contrary is found by the trier of fact, Defendant would have taken the same actions in the absence of the impermissible or unlawful motivating factors and, therefore, Plaintiff Leonardo Hernandez Lopez is precluded from recovering back pay, reinstatement, damages and/or any other relief.

    8.     Although Defendant denies that Plaintiffs were ever its employees, that Defendant was ever Plaintiffs' employer, that it ever discharged Plaintiff Leonardo Hernandez Lopez, Defendant asserts, alternatively, that if the contrary is found by the trier of fact, Defendant's actions were at all times based on reasons other than discrimination or retaliation and, therefore, Plaintiff Leonardo Hernandez Lopez is precluded from receiving hiring, promotion,

reinstatement, damages, back pay, or any other relief.

9. Plaintiffs' alleged damages are too speculative to form a basis for recovery.

10. Defendant did not at any time act with malice or with reckless indifference to Plaintiffs' federal or state rights.

11. Plaintiffs' actions are barred, in whole or in part, by the applicable statutes of limitations.

12. Although Defendant denies all actions alleged to be unlawful, Defendant asserts that if the trier of fact were to determine otherwise, all actions of Defendant were either absolutely privileged or qualifiedly privileged.

13. Defendant at all times acted without malice.

14. Although Defendant denies any and all alleged unlawful acts and omissions, Defendant asserts alternatively that if the trier of fact were to determine otherwise, Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination or retaliation and Plaintiff Leonardo Hernandez Lopez cannot recover for any alleged retaliation or discrimination to the extent that he unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise.

15. Although Defendant denies any and all of the actions and/or omissions alleged to constitute violations of the FLSA and/or the Texas Minimum Wage Act, Defendant asserts in the alternative that if the trier of fact were to find otherwise, Defendant's actions and/or omissions were not "willful".

16. Plaintiff Leonardo Hernandez Lopez cannot recover any backpay, lost benefits, damages, or any other relief for any time period during which Plaintiff was physically, mentally, or otherwise unable to work.

17. Although Defendant denies all of the actions or omissions allegedly constituting violations of the FLSA and/or other laws, Defendant asserts in the alternative that if the trier of fact should find that Defendant engaged in same, Defendant acted at all times in good faith and with reasonable grounds for believing that its acts or omissions were not a violation of the FLSA, TMWA, or any other law.

18. Plaintiffs' alleged contract claims are barred by the statute of frauds.

19. Plaintiffs' alleged contract claims are barred and/or otherwise precluded by lack of consideration.

20. Plaintiffs' alleged contract claims are barred and/or otherwise precluded by the failure of consideration.

21. Although Defendant denies all of the actions or omissions allegedly constituting violations of the FLSA and/or other laws and further denies that it ever discharged Leonardo Hernandez Lopez, Defendant asserts in the alternative that if the trier of fact should find otherwise, Plaintiff cannot recover any damages, backpay, lost benefits or any other relief for any time period after which Plaintiff was discharged, laid off, or otherwise terminated from any subsequent or interim employer.

22. Plaintiffs were not Defendant's employees and Defendant did not "employ" Plaintiffs and, therefore, Plaintiffs have failed to state a claim upon which relief may be granted.

23. Although Defendant denies all of the actions or omissions allegedly constituting violations of the FLSA and/or other laws and further denies that it ever employed Plaintiffs or discharged Leonardo Hernandez Lopez, Defendant asserts in the alternative that if the trier of fact should find otherwise, Plaintiff Leonardo Hernandez Lopez has failed to mitigate his damages by failing to take reasonable steps and/or exercise due or reasonable diligence to secure

alternate employment and to otherwise mitigate Plaintiff's damages, if any.

24. Defendant has at all times complied with the law and made a good faith effort to comply with the law and, thus, Defendant is not liable for any alleged intentional, malicious, negligent, or grossly negligent acts of its agents or employees.

25. Plaintiffs cannot recover prejudgment interest on any award of punitive damages.

26. Plaintiffs have failed to state a claim for exemplary, liquidated, mental anguish, and/or punitive damages under the FLSA, TMWA, contract allegations, and/or Tex. Prac. & Rem. Code Section 134.001 *et seq.*.

27. Although Defendant denies that Plaintiffs are entitled to any award of exemplary and/or punitive damages, any such award must comply with the definitions, standards, requirements, conditions, and limitations provided in §§ 41.001 through 41.013 of the Texas Civil Practice and Remedies Code.

28. Although Defendant denies that Plaintiffs are entitled to any award of exemplary and/or punitive damages, no award of exemplary or punitive damages may be awarded in excess of the limits set forth in § 41.008 of the Texas Civil Practice and Remedies Code.

29. Plaintiffs' claims under the TMWA are preempted by the FLSA.

30. Plaintiffs' alleged breach of contract claims and claims alleging *quantum meruit* and unjust enrichment are preempted by the FLSA and/or TMWA.

31. Plaintiffs' alleged claims under the Texas Theft Liability Act are preempted by the FLSA and/or TMWA.

32. The provisions of the Texas Theft Liability Act upon which Plaintiffs base their claims (including § 134.003, Tex. Civ. Prac. & Rem. Code) are unconstitutionally vague, ambiguous, and overbroad, as well as otherwise void and defective under the U.S. Constitution

and/or the Constitution of the State of Texas.

33. The provisions of the Texas Theft Liability Act upon which Plaintiffs base their claims (including § 134.003, Tex. Civ. Prac. & Rem. Code) are unconstitutional under the U.S. Constitution and/or the Constitution of the State of Texas in that they purport to establish criminal liability in a civil proceeding without the constitutional protections afforded in a criminal proceeding and without the procedural and substantive requirements and protections of a criminal proceeding, including the burden of proof and *scienter*.

34. The provisions of the Texas Theft Liability Act upon which Plaintiffs base their claims (including § 134.003, Tex. Civ. Prac. & Rem. Code) are unconstitutional delegations of power and authority by the State of Texas to Plaintiffs.

35. Plaintiffs' claims are barred, in whole or in part, by the agricultural exemptions in the FLSA, specifically including, but not limited to, those in Section 213(b)(12) and/or Section 213(b)(16) and/or other provisions of the FLSA.

36. Plaintiffs have failed to state a claim of a violation of the FLSA and/or failed to satisfy the prerequisites for maintaining a suit thereunder since they have not filed consents to be a party plaintiff as required by § 216 of the FLSA and/or other provisions of the FLSA.

37. Although denying all of Plaintiffs' allegations, including the allegations pertaining to a contract, Defendant pleads in the alternative accord and satisfaction.

38. Defendant pleads that Plaintiffs' claims are barred by laches.

39. Plaintiffs' *quantum meruit* claims, alleged contract claims, and other state claims are barred and/or otherwise precluded by the defenses of waiver and estoppel.

40. Plaintiffs' alleged state claims are precluded and/ or otherwise barred by the defense of payment.

41. Defendant denies the existence of any agreement or contract (expressed or implied) with any of the Plaintiffs.

42. Although Defendant denies all of the actions or omissions allegedly constituting violations of the TMWA and/or other laws, Defendant asserts in the alternative that if the trier of fact should find that Defendant engaged in same, Defendant acted at all times in good faith and with reasonable grounds for believing that its acts or omissions were not a violation of the TMWA or any other law.

43. Although Defendant denies that Plaintiff Leonardo Hernandez Lopez was ever its employee, denies that it ever discharged Plaintiff, and denies that it ever was Plaintiff's employer, Defendant asserts alternatively that if the trier of fact should find otherwise, Plaintiff cannot recover backpay, punitive damages, compensatory damages, and/or any other damages, monies, sums, or relief for any period after which he would have ceased allegedly working for Defendant for legitimate, nondiscriminatory, and nonretaliatory reasons.

44. To the extent that Plaintiffs were not legally authorized to perform any work, employment, or services in the United States for compensation, any alleged contract (expressed or implied) for same was illegal, void, voidable, against public policy, and/or otherwise unenforceable.

45. To the extent that Plaintiff Leonardo Hernandez Lopez was not legally authorized to perform any work, employment, or services in the United States for compensation, his discharge from the alleged employment of Defendants was compelled or otherwise required by law, independently of any alleged retaliation or discrimination.

46. Plaintiffs' claims are barred, in whole or in part, by estoppel and/or unclean hands.

47. To the extent that Plaintiff Leonardo Hernandez Lopez was not legally authorized to perform any work, employment, or services in the United States for compensation, his claim for alleged retaliatory or discriminatory discharge fails to state a claim upon which relief may be granted under the FLSA or otherwise.

WHEREFORE, Defendant prays that Plaintiffs' action be dismissed in its entirety; that judgment be entered in favor of Defendant; that Defendant be awarded all reasonable attorneys' fees, expenses of litigation and costs; and that Defendant recover such other relief as the Court may deem just and proper.

DATED: May 5, 2011.

Respectfully submitted,
By:

**s/Ruben D. Campos**
Ruben D. Campos,
Attorney-in-charge
Ruben D. Campos Law Firm, P.C.
Federal I.D. No. 2443
State Bar No. 03732500
419 S. Presa St.
San Antonio, Texas 78205
Phone: 210-472-3333
Fax: 210-472-3336
E-Mail: rdcampos@sbcglobal.net
**and**
  **s/Enrique G. Serna**
**Enrique G. Serna, Esq.**
SERNA & ASSOCIATES PLLC
State Bar No. 00789617
S.D. Federal I.D. No. 27366
20985 IH 10 West
San Antonio, Texas 78257
(210) 228-0095 – Telephone
(210) 228-0839 – Facsimile
E-Mail: Enrique@serna-associates.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2011, a true and correct copy of the foregoing **Defendant's Answer to Plaintiffs' First Amended Complaint** was served on the following attorney of record for Plaintiffs who is a registered filing user of the Electronic Case Filing System through the automatic service provided by ECFS: Elliott Thomas Tucker; South Texas Civil Rights Project; P.O. Box 188; San Juan, TX 78589

                                                       _s/ Ruben D. Campos_
                                                        Ruben D. Campos